# United States District Court
## for the
## District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: James W. Scott      Case Number: 4:04-CR-003-01 (RRB)

Sentencing Judicial Officer:    Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:    December 8, 2004

Original Offense:    Dealing in Counterfeit Obligations of the United States (two counts) in violation of 18 U.S.C. § 473

Original Sentence:    15 months imprisonment, three years supervised release and special conditions to include substance abuse treatment/testing and warrantless search

Date Supervision Commenced:    November 25, 2005

Asst. U.S. Attorney: Stephen Cooper     Defense Attorney: M.J. Haden, Federal Public Defender

---

### PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

Violation Number     Nature of Noncompliance

The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that between April 9 and 13, 2007, at or near Fairbanks, Alaska, the defendant had contact with RoseMarie Tieman. This violation is a Grade C violation. This violation is a Grade C violation.

-1-

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE

Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: May 2, 2007

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer

-2-

THE COURT ORDERS

 The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

 *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

> REDACTED SIGNATURE

Ralph R. Beistline
U.S. District Court Judge

May 2, 2007
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: 4:04-CR-003-01 (RRB) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| JAMES W. SCOTT ) | |

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for James W. Scott, and in that capacity declare as follows:

On December 8, 2004, the defendant was sentenced by the Honorable Ralph R. Beistline, for the conviction of Dealing in Counterfeit Obligations of the United States (two counts) in violation of 18 U.S.C. § 473. The defendant was ordered imprisoned for 15 months on each count, to be served concurrently. Following the defendant's release from imprisonment, the defendant would serve a three year term of supervised release. Mandatory, standard and special conditions were imposed with a $200.00 special assessment.

On November 25, 2005, the defendant was released from the custody of the Bureau of Prisons and began serving the three year term of supervised release. On November 28, 2005, the defendant reported as instructed to the U.S. Probation Office, at which time conditions of supervised release were read and explained to the defendant by this officer. At this time, the defendant was advised he was to have no contact with convicted felons, unless permission was granted by this officer. The defendant was granted permission to associate with his brother, Nathan Scott, who is a convicted felon, who is known by this officer from the State of Alaska Probation Office.

Due to his failure to comply with drug testing in August and September of 2005, testing positive for marijuana on October 6, 16, 26; November 15; and for cocaine on December 8, 2006, the defendant agreed to modify his conditions of supervised release and reside at North Star Community Correctional Center (CCC) for a period of 60 days, with work release and substance abuse treatment. On December 12, 2006, the defendant entered North Star CCC. On January 9, 2007, this officer received a phone call from Laura McAdams, Federal Case Manager of Northstar Center. This officer was advised that the defendant was having "unauthorized contact" with a female resident of Northstar Center, Rose Tieman, and would be receiving an Incident Report. This officer learned that the defendant considered himself and Rose Tieman to be boyfriend/girlfriend-fiancé and had even told the staff there at the facility

that they were married. This officer learned that Rose Tieman was at Northstar Center herself for violating her state probation, and had prior felony conviction for Misconduct Involving a Controlled Substance. Due to her prior felony, and current violations and past probation violations, that placed her at Northstar Center, this officer instructed the defendant to have no further contact with Ms. Tieman other than ordinary contact which would be expected between residents of Northstar Center. Subsequently, Ms. Tieman was removed from Northstar Center due to violating the rules of the center.

On January 11, 2007, this officer confirmed with State of Alaska, Adult Probation/Parole Officer Jason Petty that Ms. Tieman was prohibited from having contact with the defendant per her conditions of her probation.

On April 16, 2007, this officer was viewing the Fairbanks Daily News-Miner and under the heading "Marriage Licenses", it listed "James Scott, 32 and RoseMarie Tieman, 28, both of Fairbanks." This officer contacted the defendant by telephone and instructed the defendant to report into the U.S. Probation Office. This officer telephoned State of Alaska, Adult Probation/Parole Officer Jason Petty and confirmed Ms. Tieman was still prohibited from having contact with the defendant. On this same date, the defendant reported as instructed and this officer inquired with the defendant if he had contact with Ms. RoseMarie Tieman, since January 9, 2006, against the instructions of this officer. The defendant initially denied having contact and stated that there was no relationship between the defendant and Ms. Tieman. However, the defendant subsequently admitted he had in fact had contact with Ms. Tieman against the instructions of this officer and Jason Petty, State of Alaska, Adult Probation/Parole Officer. He also admitted to obtaining a marriage license in the presence of Ms. Tieman. The defendant stated that he and Ms. Tieman had not gotten married.

Ms. Tieman has two prior felonies, on September 26, 2003, the defendant was sentenced for the offense of Assault in the Third Degree after initially being charged with Attempted Kidnapping and Assault in the Third Degree. She was sentenced to 24 months with 12 months suspended. February 24, 2004 she was sentenced for the offense of Misconduct Involving a Controlled Substance in the Third Degree and sentenced to 30 months with all but 139 days suspended. She has numerous probation violations which have included drug usage in March and April of 2006 and being discharged from substance abuse treatment.

Executed this 18th day of April, 2007, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Toni M. Ostanik
U.S. Probation Officer